**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4445**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

DEVONE SHARNELL BEST,

            Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Dever III, Chief District Judge. (7:12-cr-00064-D-1)

Submitted: March 26, 2015            Decided: April 20, 2015

Before AGEE, KEENAN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Jude Darrow, LAW OFFICE OF MARY JUDE DARROW, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Shailika S. Kotiya, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Devone Sharnell Best pled guilty, pursuant to a written plea agreement, to one count of distributing crack cocaine, 21 U.S.C. § 841(a)(1) (2012), and was sentenced to 180 months' imprisonment. He appeals, claiming that the district court erred in denying his motion to withdraw his guilty plea and that he was denied effective assistance of counsel. Best also claims prosecutorial misconduct in the negotiation of his plea. Finding no error, we affirm.

After the court accepts a guilty plea, but before sentencing, a defendant may withdraw his guilty plea if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d). The Rule does not afford a defendant an absolute right to withdraw a guilty plea, however. United States v. Bowman, 348 F.3d 408, 413 (4th Cir. 2003); United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000).

The burden of "show[ing] a fair and just reason" for withdrawal of the plea rests with the defendant. Id. A fair and just reason "essentially challenges the fairness" of the Rule 11 proceeding. Id. (internal quotation marks omitted). We have developed a nonexclusive list of factors for the

2

district court to use in deciding if the defendant has met his burden:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

Moore, 931 F.2d at 248.

"The most important consideration in resolving a motion to withdraw a guilty plea is an evaluation of the Rule 11 colloquy. . . . Accordingly, a properly conducted Rule 11 . . . colloquy leaves a defendant with a very limited basis upon which to have his plea withdrawn." Bowman, 348 F.3d at 414. "If an appropriately conducted Rule 11 proceeding is to serve a meaningful function, on which the criminal justice system can rely, it must be recognized to raise a strong presumption that the plea is final and binding." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc).

With these standards in mind, and having reviewed the transcript of the Rule 11 hearing, we conclude that the district court did not abuse its discretion in finding that Best failed to show a fair and just reason to withdraw his plea.

3

Best also asserts that counsel was ineffective for failing to properly advise him of the possibility of a career offender enhancement at sentencing. Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims are not generally addressed on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because the record does not conclusively establish ineffective assistance of counsel, we conclude that Best's claim should be raised, if at all, in a § 2255 motion.

Finally, Best asserts that the Government engaged in misconduct by engaging in bad faith plea negotiations. Specifically, he asserts that the government failed to inform him that he would be subject to the career offender enhancement, and that the government stipulated to a drug quantity with Best's counsel, knowing that the career offender enhancement would apply. To succeed on this claim, Best must demonstrate that the prosecution's conduct was, in fact, improper, and that he was deprived of a fair trial as a result. United States v. Powell, 680 F.3d 350, 358 (4th Cir. 2012). Best has not made such a showing.

4

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid in the decisional process.

AFFIRMED